Case 2:24-cv-00036   Document 23   Filed on 06/07/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH JUVENTINO RANDALL, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00036 |
| | § | |
| 79TH DISTRICT COURT JIM WELLS COUNTY | § § § | |
| Respondent. | | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph Juventino Randall, a Texas prisoner proceeding *pro se*, has filed this action seeking habeas relief under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner is currently incarcerated at the Jim Wells County Jail in Corpus Christi, Texas. *Id.* The district court should DISMISS Petitioner's action for failure to exhaust available remedies. No certificate of appealability should issue.

***A. Background and proceedings.***

Petitioner filed this habeas action, claiming that he was unable to obtain a bond for his pending state criminal case or cases. As he put it, "being set up by corrupted cops I have proof my bonds are ridiculously high and kept getting droped for lack of evidence." (Doc. No. 1, p. 3.) Petitioner alleged that the police reports in his case were false, but that although he kept asking for details about his cases: "I'm trying to represent myself any they kept say I can't have any information unless I contact my attorney plz help I can not get out of jail." *Id.*

To better understand Petitioner's claims, the Court sent him a questionnaire. In his response, Petitioner explained that he is a pretrial detainee at the Jim Wells County Jail and that

he has at least two Texas state criminal cases pending against him – one for assault causing bodily injury and the other for criminal trespass.  *See* Doc. No. 20, p. 3.[1]  Petitioner also has several "reactivated" cases which allege criminal mischief, criminal trespass, and two instances of terroristic threats causing fear of imminent serious bodily injury.  *Id.*[2]  Petitioner states that he is represented by counsel on all of these cases.  *Id*.  Asked whether he had sought habeas relief from the state court in which his cases are pending, Petitioner replied that he had, stating that he claimed his bond was excessively high and that he was being held unlawfully.  *Id.* at 7.  Plaintiff states that he has not yet received a response to his habeas action.  *Id.* at 6.  Petitioner also states that he "filed a bond reduction / PR bond or at least wanted to know why I wasn't allowed to bring up the issue with a judge."  *Id.* at 5.  As relief, Plaintiff wishes to be released from custody on bond.  He states: "I would like to be released from jail on a pr bond or have an investigation on my cases."  *Id.* at 8.

### B. Law.

Because Petitioner is a pretrial detainee seeking release from custody, his petition is governed by 28 U.S.C. § 2241.  Section 2241 authorizes a federal writ of habeas corpus where a prisoner can show that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).

Before seeking federal habeas relief under 28 U.S.C. § 2241, petitioners must generally exhaust available remedies.  *See Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *1 (N.D. Tex. Aug. 24, 2023) (Ramirez, M.J.), *adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17,

---

[1] The state criminal case numbers are 23-50431-CR (assault causing bodily injury) and 23-50432-CR (criminal trespass).

[2] The reactivated cases are case numbers 23-50094-CR through 23-50097-CR.

2023) (citing *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010)).  Exhaustion is not a jurisdictional requirement in § 2241 cases, but to warrant habeas relief under § 2241, "a state petitioner must be in custody and must have exhausted all available state remedies."  *Gray v. Guerrero*, No. A-21-CV-762, 2021 WL 4438144, at *2 (W.D. Tex. Sept. 28, 2021) (citing *Braden v. 30th Judicial District Circuit Court of Ky.*, 401 U.S. 484 (1973)).

Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that federal courts also generally should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  *See Gray*, 2021 WL 4438144, at *2 (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) and *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976)).  "Absent special circumstances, pretrial federal habeas corpus petitions are discouraged under the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37, 45 (1970), which prohibits direct interference by a federal court with a pending state criminal prosecution."  *Driver v. Garcia*, Civ. No. H-15-0857, 2015 WL 12942418, at *3 (S.D. Tex. Jul. 17, 2015) (Atlas, J.).  In other words, "federal habeas relief should not be used as a 'pretrial motion forum for state prisoners.'"  *Id.* (quoting *Braden*, 410 U.S. at 493).

State remedies are ordinarily not exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure.  *See Braden*, 410 U.S. at 489.  "This entails submitting the factual and legal basis of any claim to the highest available state court for review. … A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals."  *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006) (citing *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.

1982), *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993), and *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985)).  A Texas pretrial detainee may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency."  *Id.* (citing *Deters*, 985 F.2d at 795).

### C. Analysis and recommendation.

Petitioner's questionnaire response indicates that he has not exhausted his state court remedies with respect to his claims or that special circumstances warrant intervention into his state court proceedings.  He states that he has raised this claim before the court in which his criminal cases are pending, but has not yet received a response.  Petitioner is represented by counsel in his criminal cases, and Petitioner offers no suggestion that the state criminal trial court will not rule on his request in due course.  Additionally, Petitioner acknowledges that he has not yet raised his claim before the Texas Court of Criminal Appeals.  (Doc. No. 20, pp. 5-6.)  He also fails to identify any "exceptional circumstances of peculiar urgency" that would excuse the exhaustion requirement.  Accordingly, the undersigned recommends that Plaintiff's § 2241 action be dismissed without prejudice to Plaintiff raising his claims in federal court after he has exhausted available state court remedies.

No certificate of appealability should issue from the district court's dismissal, because Petitioner fails to make a substantial showing of the denial of a constitutional right by demonstrating that his petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable the court is correct in its procedural ruling dismissing Petitioner's action.  *See* 28 U.S.C. § 2253(c)(2); *Stringer v. Williams*, 161 F.3d 259, 261-62 (5th Cir. 1998).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

ORDERED on June 7, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge